VISHNICK McGOVERN MILIZIO LLP  
Counsel to Creditor Coventry Enterprises LLC  
Avrohom Gefen, Esq.  
3000 Marcus Avenue, Suite 1E9  
Lake Success, NY 11042  
Phone 516-4374385  
Fax 516-437-4395  

**Hearing Date: September 21, 2020**  
**Time: 1:30 p.m.**

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  

| | |
|---|---|
| In re: | Chapter 11 |
| BIORESTORATIVE THERAPIES, INC., | Case No. 20-71757-reg |
| Debtor. | |

**COVENTRY ENTERPRISES LLC'S RESPONSE**
**TO DEBTOR'S OBJECTION TO CLAIM NO. 36**

**TO:  HONORABLE ROBERT E. GROSSMAN**
**UNITED STATES BANKRUPTCY JUDGE**

Coventry Enterprises LLC ("Coventry"), a creditor in this Chapter 11 case, through its counsel, Vishnick McGovern Milizio LLP, files this response to the BioRestorative Therapies, Inc.'s (the "Debtor") objection to Coventry's claim.

1. Coventry filed a general unsecured claim of $481,142.88, based on promissory notes made by the Debtor and the terms thereof. Debtor concedes that Coventry has an allowable claim of at least $252,543. The Debtor claims, however, that $228,599.88 ($481,142.88- $252,543) should be disallowed because: a) Coventry filed its proof of claim 15 days after the claims bar date; and b) part of Coventry's claim is allegedly based on a penalty "related to a so-called "PowerUp Default"".

2. With regard the objection that part of the claim[1] should be disallowed because the proof of claim was filed after the claims bar date, Coventry submits that it should not be penalized for this short delay. Coventry, which was not represented by counsel at the time the notices were sent, was not fully operational at the time the notices were received, due to the Covid-19 Pandemic. Its offices were closed intermittently and its staff, including staff that reviewed mail, was working primarily remotely. It is therefore understandable and excusable why the proof of claim was filed late (although only 15 days after the bar date). Notably, the late filing did not prejudice the Debtor or any other party.

3. Because the late filing was excusable, brief and did not prejudice the Debtor, the Court should allow the claim for the full amount. (See *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993)).

3. The objection that part of the claim should be disallowed because it is based on a penalty "related to a so-called "PowerUp Default"" is without merit. First, the Debtor does not state any authority or even reason other than "such penalties should not be allowed".

4. Moreover, as noted above, Coventry's claim is based on promissory notes made by the Debtor. These notes contain what are commonly known as "most favored nation" ("MFN") clauses. These MFN clauses provide that Coventry will get the benefit of provisions or concessions equal to those given to any other note holders. A copy of the notes, which are substantially similar except for the amounts, are annexed as Exhibit "A" (see paragraph 4(a) of each note).

---

[1] The Debtor concedes that a claim of $252,543 should be allowed, despite the late filing of the proof of claim, because the Debtor listed Coventry as a creditor for that amount in its schedules.

5. Pursuant to the MFN clauses, if, for example, another note holder received a note with a default provision that doubles the principal in the event of default, Coventry is entitled to the same doubling of principal.

6. At a hearing in District Court in February 2020, counsel for PowerUp, another creditor and note holder, asserted that PowerUp held notes from the Debtor which contained a default provision which doubled the principal upon a default by the Debtor. Therefore, by reason of the MFN clauses in Coventry's notes, Coventry is entitled to this same provision. This was not a penalty but rather a provision negotiated by Coventry with the Debtor to induce Coventry to loan money to the Debtor.

7. Coventry calculated its $481,142.88 claim by doubling the principal owed on the notes at the time of the default and adding the interest due. Although the Debtor seeks to cast this as a "penalty" (which the Debtor claims would somehow make it an unallowed claim), in fact it is a simply calculation required by the promissory notes. Accordingly, the Court should reject the Debtor's objections and allow Coventry's claim for $481,142.88.

Dated: Lake Success, New York
September 9, 2020

VISHNICK McGOVERN MILIZIO, LLP
Counsel to Claimant Coventry Enterprises LLC

/s/Avrohom Gefen
Avrohom Gefen, Esq.
3000 Marcus Avenue, Suite 1E9
Lake Success, NY 11042
Phone 516-4374385
agefen@vmmlegal.com